UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCGEE, et al.,

      Plaintiffs,

v.                                  CASE NO: 8:09-cv-2543-T-27TGW

MIKE COOK, et al.,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** are seven motions to dismiss for improper service or, alternatively, to quash service (Dkts. 87, 108, 109, 110, 114, 121, 132). Plaintiffs have responded in opposition. Upon consideration, the motion of IMGA Academies LLC (Dkt. 121)[1] is GRANTED, the motions of the Burnhams and International Association of Investors (Dkt. 87), JDI Tavasota LLC (Dkt. 108), Connor (Dkt. 109), Aeder (Dkt. 110), and Driggers (Dkt. 114) are GRANTED *in part*, and Band's motion (Dkt. 132) is DENIED.

### Discussion

This action involves the claims of 42 Plaintiffs against approximately 70 Defendants. Plaintiffs have voluntarily dismissed more than 30 Defendants from this action. All remaining Defendants have been served.

Ten Defendants have moved to quash service or, alternatively, to dismiss for improper service. They argue that the summons omitted the contact information for Plaintiffs' attorney, two Defendants were misnamed in the summons and complaint, five Defendants were not properly served, and service was untimely. In addition, several non-resident Defendants argue that Plaintiffs

---

[1] The "Notice of Improper Service" is construed as a motion to quash service.

failed to plead facts to establish personal jurisdiction over them.[2]

A.   **Defects in the summons**

    1.   **Rule 4(a)**

Several Defendants argue that the summons failed to include the name and address of Plaintiffs' attorney, as required by Fed. R. Civ. P. 4(a)(1)(C). Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). As long as there has been "substantial compliance" and the defendant has not been prejudiced, a court will have personal jurisdiction notwithstanding "imperfect service of process" or a "technical error" in the form of the summons. *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000); *Sanderford*, 902 F.2d at 901 (quoting *Alpha Beta*, 736 F.2d at 1382).

Although the summons contained a technical defect, it nonetheless substantially complied with the requirements of Rule 4(a). *See, e.g., Sanderford*, 902 F.2d at 900 (noting courts have found summonses in substantial compliance with Rule 4 notwithstanding the failure to list the correct time to file an answer or the failure to list all defendants). Further, there has been no showing of prejudice. The Defendants who challenge this defect had no difficulty filing and serving timely responses to the summons and complaint. *See Sanderford*, 902 F.2d at 901 ("[A] defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'") (quoting *Alpha Beta*, 736 F.2d at 1382). Accordingly, service was not rendered invalid by the omission of Plaintiffs' attorney's name and address from the summons.

---

[2] JDI Tavasota LLC, Conner, and Aeder also raise arguments which were addressed in the March 30, 2011 order (Dkt. 159). That order applies to Plaintiffs' claims against these Defendants.

2

2. **Misnamed Defendants**

Two Defendants were incorrectly named in the summons and complaint. First, Plaintiffs omitted the letter 'o' from the name 'JDI Tavasota LLC.' Second, Plaintiffs named 'IMGA Academies LLC' instead of IMG/Bollettieri Academies Country Club, LLC. (*See* Dkt. 130, n.1).

"[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999). As the Fourth Circuit stated long ago:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else . . . . As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947).

This reasoning carries particular persuasive force in this action where Plaintiffs omitted a single letter from the name of a Defendant. There has been no confusion as to which entity Plaintiffs intended to sue. JDI Tavasota LLC was able to respond to the allegations directed at 'JDI Tavasta LLC' notwithstanding the incorrect name. The omission of the letter 'o' was insignificant and did not render service invalid.

By contrast, IMG/Bollettieri Academies Country Club, LLC bears little resemblance to the entity Plaintiffs actually sued, IMGA Academies LLC. After Plaintiffs served David Band on behalf of IMGA Academies LLC, he filed a "Notice of Improper Service," representing that he was not the registered agent for this entity. From Band's notice, it is apparent that he was misled as to which entity Plaintiffs intended to sue. Indeed, there was nothing in the summons and complaint to put

3

anyone on notice that IMG/Bollettieri Academies Country Club, LLC was being sued. The incorrect name was significant and therefore service of the summons and complaint was ineffective as to IMG/Bollettieri Academies Country Club, LLC.

**B.    Service defects**

Defendants Connor, Aeder, Justin Burnham, Marc Burnham, and Driggers argue that they were never properly served with process. Under Fed. R. Civ. P. 4(e)(2), proper service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Although Rule 4(e)(1) authorizes service under the law of the forum state, the requirements of Florida law are essentially the same as Rule 4(e)(2). *See* Fla. Stat. § 48.031(1)(a). The burden of demonstrating proper service is on Plaintiffs. *See Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).[3]

**1.    Defendants Connor and Aeder**

Plaintiffs mailed the complaint and a request for waiver of personal service to Connor and Aeder. Neither signed and returned the waiver. Plaintiffs suggest that counsel represented he would file a response to the complaint on behalf of Connor and Aeder. This representation, however, is insufficient to constitute a waiver of service on their behalf or an agreement to accept service of process as their agent. Plaintiffs therefore failed to satisfy their burden of demonstrating that Connor and Aeder were properly served.

---

[3] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

### 2. Defendants Justin and Marc Burnham

Plaintiffs attempted to serve Justin and Marc Burnham by delivering copies of the summons and complaint to Don Burnham at his residence. Plaintiffs contend that service was proper because Justin and Marc Burnham use Don Burnham's residence as a business address. But Plaintiffs have not demonstrated that Don Burnham's residence constituted the "dwelling" or "usual place of abode" for Justin or Marc Burnham. Fed. R. Civ. P. 4(e)(2)(B); Fla. Stat. § 48.031(1)(a); *see Shurman v. Atlantic Mortg. & Inv. Corp.*, 795 So. 2d 952, 954-55 (Fla. 2001) (collecting cases and noting substitute service must be effected where defendant is actually living at the time). Accordingly, Plaintiffs failed to demonstrate proper service on Justin or Marc Burnham.

### 3. Defendant Driggers

Plaintiffs' process server left the summons and complaint at Driggers' doorstep after reading the documents aloud and yelling, "You've been served." (Dkt. 91). Plaintiffs argue that service was proper because, even though no one answered the door, the process server saw a man lying on the couch watching television. Driggers, however, avers that no one was home except his dog. He avers that while he was at a meeting, the television was left on for the dog's comfort.

Although a factual dispute exists, it need not be resolved. Even if someone was at Driggers' residence at the time of service, Plaintiffs have not submitted any evidence of that person's identity. Without evidence that the person inside the home was Driggers or a person of suitable age who resided there, service cannot be effected simply by leaving the summons and complaint at the door. *See, e.g., Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 708 (Fla. 4th DCA 1998); *Herskowitz v. Schwarz & Schiffrin*, 411 So. 2d 1359, 1361 (Fla. 3d DCA 1982).

To be sure, there is an exception to the statutory service requirements where a party actively evades service by fleeing the process server or purposefully isolating himself. *See, e.g., Olin Corp.*

*v. Haney*, 245 So. 2d 669, 670 (Fla. 4th DCA 1971). Plaintiffs contend that Driggers was not home on several occasions when the process server attempted service, that he did not return three telephone calls, and that Plaintiffs' certified mail was returned unread. This evidence, however, is insufficient to demonstrate that Driggers actively fled the process server or intentionally isolated himself to avoid service. Accordingly, there has been no showing that Driggers was properly served with process.

### 4. Remedies for improper service

Where a defendant has not been properly served, courts have discretion to quash service or dismiss that defendant from the action. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Dismissal is inappropriate, however, if there is a "reasonable prospect that service may yet be obtained." *Id.* Where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quotation omitted). There has been no demonstration that the defective service on Connor, Aeder, Justin Burnham, Marc Burnham, and Driggers cannot be cured. Service will therefore be quashed, and Plaintiffs will be granted the opportunity to re-serve these Defendants.[4]

## C. Untimely service

Several Defendants contend they were not properly served within the time provided by the Federal Rules of Civil Procedure. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[4] Connor, Aeder, Justin Burnham, Marc Burnham, and Driggers may be subject to payment of the additional costs Plaintiffs incur in making further attempts to effect service. Fed. R. Civ. P. 4(d)(2). Further, so long as Plaintiffs continue to make a good faith effort to effect service, these Defendants are unlikely to be dismissed under Rule 4(m).

6

Fed. R. Civ. P. 4(m) (emphasis added). The emphasized portion provides district courts with discretion to extend the time for service, even in the absence of good cause. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

When Plaintiffs failed to effect timely service on several Defendants, a show cause order was entered. In response, Plaintiffs represented that many Defendants had recently been served, and they requested additional time to serve the others. The Court extended the time to effect service of process on the unserved Defendants.

Most Defendants who raise Rule 4(m) arguments were not included in the extension. Their argument, however, is unpersuasive. These Defendants were omitted because they had already been served when the order was entered. The purpose of that order was to grant an extension of time to serve all remaining Defendants. Only Defendant Band had not been served and was not included in the extension order. But even he was served within the time provided in the order granting the extension.

Accordingly, for all Defendants who have been properly served, the time to effect service of process is extended under Rule 4(m) *nunc pro tunc* to the date of service. Plaintiffs will be granted a brief extension of time to serve all Defendants who were not properly served with process.

D. **Personal jurisdiction**

JDI Tavasota LLC, Connor, and Aeder argue that Plaintiffs' original complaint failed establish personal jurisdiction. Because these Defendants are not Florida residents, a two-step inquiry governs the exercise of personal jurisdiction. First, Plaintiffs must allege facts which bring these Defendants within the ambit of Florida's long-arm statute. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010). Second, the exercise of personal

jurisdiction must comply with the Due Process Clause. *See id.*

In addressing the long arm statute, Plaintiffs rely on JDI Tavasota LLC's, Connor's, and Aeder's business activities, tortious acts, liens on Florida property, and contracts to provide insurance in Florida. *See* Fla. Stat. §§ 48.193(1)(a)-(d). Plaintiffs further contend that these Defendants are subject to general jurisdiction in Florida. *See* Fla. Stat. § 48.193(2).

But the original complaint failed to plead sufficient facts to support the exercise of jurisdiction under any of these provisions. There were insufficient specific allegations of these Defendants' business activities in Florida, their liens on Florida property, or their contracts to provide insurance in Florida. And for the reasons discussed in the March 30, 2011 order (Dkt. 159), Plaintiffs failed to state a cause of action for any tortious activity. *See Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002) (where personal jurisdiction is premised on the commission of a tort in Florida, "[t]he threshold question that must be determined is whether the allegations of the complaint state a cause of action."). Further, Plaintiffs' allegations were insufficient to subject these Defendants to general jurisdiction. Accordingly, Plaintiffs' action is subject to dismissal for failure to plead facts which establish personal jurisdiction over JDI Tavasota LLC, Connor, and Aeder. It is therefore unnecessary to address whether these allegations, if proven, would demonstrate sufficient minimum contacts. *PVC Windoors*, 598 F.3d at 807-08.

## Conclusion

Accordingly, it is ORDERED that

1) The motion of the Burnhams and International Association of Investors (Dkt. 87) is GRANTED *in part*. The service attempts on Justin Burnham (Dkt. 97) and Marc Burnham (Dkt. 98) are QUASHED. Justin and Marc Burnham shall be served **within 45 days**. The motion is denied in all other respects.

2) The motions of JDI Tavasota LLC (Dkt. 108), Connor (Dkt. 109), and Aeder (Dkt. 110) are GRANTED *in part*. The claims against JDI Tavasota LLC, Connor, and Aeder are dismissed without prejudice: (a) for failing to allege the existence of personal jurisdiction, and (b) for the reasons stated in the March 30, 2011 order (Dkt. 159). Plaintiffs' claims against JDI Tavasota LLC, Connor, and Aeder were severed from this main action. (*Id.*). Plaintiffs are granted leave to amend their claims against JDI Tavasota LLC, Connor, and Aeder in the severed action, as provided in the March 30, 2011 order (*Id.*). The service attempts on Connor and Aeder are QUASHED. Plaintiffs shall effect service of process on Connor and Aeder **within 60 days**. The motions are denied in all other respects.

3) The motion of Driggers (Dkt. 114) is GRANTED *in part*. The attempted service on Driggers (Dkt. 91) is QUASHED. Plaintiffs shall effect service of process on Driggers **within 60 days**. The motion is denied in all other respects.

4) The 'Notice of Improper Service' filed on behalf of IMGA Academies LLC (Dkt. 121) is construed as a motion to quash service and is GRANTED. The attempted service on IMG/Bollettieri Academies Country Club, LLC (Dkt. 95) is QUASHED. Any complaint filed in the severed action shall name the correct defendant. Service of process shall be accomplished **within 60 days**.

5) The motion of Band (Dkt. 132) is DENIED.

**DONE AND ORDERED** this 11th day of April, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record