UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCGEE, et al.,

    Plaintiffs,

v.       Case Nos.:   8:09-cv-2543-T-27TGW
                                                            8:11-cv-1091-T-27TGW

MIKE COOK, et al.,                                8:11-cv-1092-T-27TGW
                                                                       8:11-cv-1098-T-27TGW

    Defendants.                                 8:11-cv-1099-T-27TGW
                                                                       8:11-cv-1100-T-27TGW
                                                                       8:11-cv-1112-T-27TGW

_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' motion for leave to file a second amended complaint in Case No. 09-cv-2543 (Dkt. 198). Several Defendants have responded in opposition (Dkts. 211, 212, 214, 215, 216, 217, 218, 219, 221). Upon consideration, the motion (Dkt. 198) is DENIED.

### Background

In their original complaint, 42 Plaintiffs sued 70 Defendants on ten causes of action. (Case No. 09-cv-2543, Dkt. 1). The pleading spanned 69 pages, contained 284 paragraphs of rambling and often repetitive allegations, and attached 39 exhibits. The gist of Plaintiffs' claims is that they purchased units in a condominium conversion project based on certain representations that turned out to be false or misleading.[1] These claims were framed in ten counts: I. Violation of the Federal Securities Laws, II. Violation of the Interstate Land Sales Act, III. Violation of the RICO Act, IV. Fraud (Intentional Misrepresentation), V. Fraud (Concealment), VI. Conspiracy to Commit Fraud,

---

[1] A more detailed description is set forth in the order granting Defendants' motions to dismiss. (Dkt. 159).

1

VII. Professional Negligence, VIII. Constructive Trust, IX. Breach of Contract, and X. Negligent Misrepresentation.

Anyone who was arguably involved in the development and sale of the condominium units was named as a Defendant. These 70 Defendants were divided into seven categories: (1) the marketing, realtor and sales promotion Defendants, (2) the condominium management Defendants, (3) the purchasing and owner Defendants, (4) the appraisal Defendants, (5) the attorney Defendants, (6) the lending institution and mortgage broker Defendants, and (7) the title company Defendants. Plaintiffs lumped all Defendants together in the federal claims, the fraud claims, and the claim for a constructive trust. The remaining counts were limited to individual categories of Defendants.

In the Court's experience, the action framed by the original complaint was unwieldy and destined to proceed in a grossly inefficient manner. Although some of the same claims were asserted against all 70 Defendants, the factual support for those claims was different for each particular category. To promote effective case management and a more orderly litigation, the Court severed Plaintiffs' claims against the seven categories of Defendants pursuant to Fed. R. Civ. P. 21 and its inherent authority to manage the docket.

Plaintiffs moved for reconsideration of the order severing their claims. After the motion was denied, Plaintiffs filed the separate actions, as directed. Several weeks later, Plaintiffs filed the instant motion to amend.

## Discussion

Generally, leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs' motion, however, is not simply a request to amend their pleadings. It amounts to a second motion for reconsideration of the order severing their claims. The pleading they seek to file brings all Defendants back into the original action, adds another category of Defendants, and

asserts three additional causes of action. The proposed second amended complaint is 101 pages long and has 409 paragraphs of allegations, 50 exhibits, 13 causes of action, and eight categories of Defendants. If accepted, the second amended complaint will undoubtedly inject further complexity into what was already an unmanageable case.

"The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court . . . .'" *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003) (quotation omitted). Severance under Rule 21 is certainly appropriate where, as here, there are "sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable." *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010). This action was carefully divided based on the seven categories of Defendants that Plaintiffs identified in the original complaint, which is "a legitimate and feasible means of efficiently conducting this unwieldy litigation." *Acevedo-Garcia*, 351 F.3d at 558 (affirming severance order that divided 82 plaintiffs into four separate cases).

Plaintiffs contend that their claims should not have been severed into separate actions under Rule 21 but, instead, should have remained in a single action that was bifurcated for trial under Rule 42(b). *See, e.g., Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441-443 (7th Cir. 2006) (distinguishing Rule 21 severance and Rule 42 bifurcation).

The Court has broad discretion in deciding which procedural device to employ. *Gaffney*, 451 F.3d at 442. Severance under Rule 21 is appropriate as long as each claim is "discrete and separate." *Id.* Stated differently, "one claim must be capable of resolution despite the outcome of the other claim." *Id.* "By contrast, bifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other." *Id.*

Plaintiffs' argument is that the claims arise out of a common set of facts. But severance is not precluded simply because "the facts underlying these claims overlap." *Gaffney*, 451 F.3d at 443. What matters is that the claims are "independent of one another." *Id.*

Plaintiffs appear to allege a grand fraudulent scheme hatched by the purchasing and owner Defendants. Two other categories (the marketing, realtor and sales promotion Defendants and the condominium management Defendants) are alleged to have acted as their agents and employees. Plaintiffs generally allege that these three categories of Defendants made the same false representations in the same materials. At a status conference, Plaintiffs' counsel was given the opportunity to explain his claims. He clarified that Plaintiffs' position is that these three categories of Defendants created and operated an enterprise to perpetrate a fraud in violation of RICO. And these Defendants are alleged to have acted together in making fraudulent misrepresentations which violated the securities laws and Interstate Land Sales Act.

Based on counsel's clarification, the Court is persuaded that the claims against the marketing, realtor and sales promotion Defendants, the purchasing and owner Defendants, and the condominium management Defendants should be adjudicated in a single action. Notwithstanding, the motion for leave to amend is due to be denied, because the proposed second amended complaint requests leave to return all Defendants to this action.

The remaining four categories of Defendants consist of the appraisers, the attorneys, the lending institutions/mortgage brokers, and the title companies. These Defendants are alleged to have played distinctly separate roles from the other Defendants. And Plaintiffs' claims against them are based on distinctly separate allegations. Although there may be some factual overlap, these claims remain discrete and are not dependent on the resolution of Plaintiffs' claims against the other Defendants. Given the unwieldy and unmanageable nature of this case, the Court remains of the

opinion that Plaintiffs' claims against the last four categories of Defendants are more appropriately addressed in separate actions.

Plaintiffs appear to raise the additional argument that Rule 21 cannot be used to sever all claims against certain groups of parties and, instead, bifurcation is required. This distinction is not supported by the plain language of Rule 21, which vests the Court with wide discretion to "sever any claim against a party." Further, the case Plaintiffs rely on, *Acevedo-Garcia*, affirmed the Rule 21 severance of 82 plaintiffs into four separate actions. 351 F.3d at 554, 558-560.

Finally, Plaintiffs object that the severance order resulted in a loss of pendant party jurisdiction over their claims against several categories of Defendants. But this was a matter of their own doing, which occurred weeks after the cases were severed. When Plaintiffs commenced this action, they lumped all 70 Defendants together, thereby asserting federal claims against every Defendant. At the time the claims were severed, there was an independent basis for the exercise of federal jurisdiction over each Defendant.

Weeks later, Plaintiffs filed their new complaints in the severed actions. In four of those complaints, Plaintiffs made a strategic decision to drop all federal claims. This post-severance strategy does not entitle Plaintiffs to bring all remaining claims against those Defendants back into the original action. As discussed, those claims were properly severed under Rule 21. What Plaintiffs later chose to do in the severed actions has no effect on the propriety of severance. If Plaintiffs have since pled themselves out of federal court, that was their decision.

There is one final matter to be addressed. Defendants argued that leave should be denied because the proposed amendment is futile. Their point is well-taken. The fraud claims in the original complaint were dismissed because Plaintiffs failed to comply with Fed. R. Civ. P. 9(b). As discussed in that order (Dkt. 159), a complaint must "inform each defendant of the nature of his alleged

participation in the fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir.1997)). With few exceptions, Plaintiffs have not specifically identified who made the allegedly false statements. The proposed second amended complaint therefore continues to suffer from the same lack of particularity that led to dismissal of the original complaint.

## Conclusion

Accordingly, Plaintiffs' motion for leave to file a second amended complaint in Case No. 09-cv-2543 (Dkt. 198) is DENIED. The clerk is directed to file a copy of this order in the following cases: 8:09-cv-2543-T-27TGW, 8:11-cv-1091-T-27TGW, 8:11-cv-1092-T-27TGW, 8:11-cv-1098-T-27TGW, 8:11-cv-1099-T-27TGW, 8:11-cv-1100-T-27TGW, and 8:11-cv-1112-T-27TGW.

**DONE AND ORDERED** this 27th day of July, 2011.

                JAMES D. WHITTEMORE
                United States District Judge

Copies to:
Counsel of record
Unrepresented parties