UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCGEE, et al.,

   **Plaintiffs,**

vs.                  Case No.: 09-cv-2543-T-27-TGW

INTERNATIONAL ASSOCIATION OF INVESTORS, et al.,

   **Defendants.**
_____/

## ORDER OF DISMISSAL

Plaintiffs' original complaint was dismissed for, among other things, failure to plead fraud with particularity. The order expressly stated:

> Plaintiffs' shot-gun complaint does not come close to pleading facts sufficient to satisfy Rule 9(b). All fraud-based counts (except negligent misrepresentation) are brought against every Defendant, regardless of the manner in which that Defendant was involved in the development project or the real estate transactions. Each count incorporates, and is based on, the same supporting set of facts. That set of facts, however, fails to identify with any specificity "the who, what, when, where, and how of the allegedly false statements." *Id.* Plaintiffs simply lump all Defendants together and, in doing so, accuse every Defendant of the same conduct. This does nothing to "inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir.1997)).

(Dkt. 159).

With leave of Court, Plaintiffs filed an amended complaint against Ricky Stokes, Barry Graham, International Association of Investors, Don Burnham, and Marc Burnham.[1] As before, Plaintiffs bring several claims sounding in fraud: (1) securities fraud, (2) violation of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), (3) violation of the Racketeer Influenced and Corrupt

---

[1] All other Defendants have been dismissed from this action.

Organizations Act ("RICO"), which is based on predicate acts of wire and mail fraud, (4) fraud (intentional misrepresentation), (5) fraud (concealment), and (6) conspiracy to commit fraud.[2]

Accordingly, for each claim, Plaintiffs were required to plead fraud with particularity. *See* Fed. R. Civ. P. 9(b); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (securities fraud); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (RICO, where predicate acts are mail or wire fraud); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1351-52 (S.D. Fla. 2009) (ILSFDA). Notwithstanding the requirements of Rule 9(b) and the Court's express directions, Plaintiffs failed to cure the deficiencies in the original complaint. As before, Plaintiffs simply lump Ricky Stokes, Barry Graham, International Association of Investors, Don Burnham and Marc Burnham with all other Defendants, thereby failing to "inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal*, 482 F.3d at 1317 (quoting *Brooks*, 116 F.3d at 1381).[3]

Plaintiffs therefore were ordered to show cause in writing why their amended complaint should not be dismissed for failure to plead fraud with particularity (Dkt. 265). The order expressly instructed Plaintiffs that "[f]ailure to file a timely response will result in the dismissal of Plaintiffs' claims against Graham, International Association of Investors, D. Burnham, and M. Burnham[4]

---

[2] Plaintiffs also include a claim for a constructive trust, which is an "equitable remedy–not a cause of action." *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005); *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008).

[3] Several months ago, the Court denied Plaintiffs' motion for leave to file a second amended complaint. That order explained that the proposed second amended complaint again failed to identify what, precisely, each defendant had done and therefore failed to comply with Rule 9(b). (Dkt. 229 at 5-6). The second amended complaint was no more specific than the amended complaint. Notwithstanding, Plaintiffs did not request further leave to amend to correct the deficiencies in the amended complaint.

[4] Plaintiffs' claims against Stokes have been stayed under 11 U.S.C. § 362. (Dkt. 86).

without further notice." Plaintiffs, however, did not file a timely response or a timely request for an extension.[5] Nor have they requested leave to amend.

Accordingly, Plaintiffs' claims against Graham, International Association of Investors, D. Burnham, and M. Burnham are DISMISSED for failure to plead fraud with particularity and for lack of prosecution for failing to respond to the order to show cause. The Clerk is directed to ADMINISTRATIVELY CLOSE this case.

**DONE AND ORDERED** this 8th day of March, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record
Unrepresented parties

---

[5] Plaintiffs therefore have not raised an argument that any of their claims did indeed satisfy Rule 9(b) or that any of their claims were not subject to Rule 9(b).

3